ACCEPTED
03-14-00716-cv
4573182
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/19/2015 11:57:05 PM
JEFFREY D. KYLE
CLERK

## NO. 03-14-00716-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
3/19/2015 11:57:05 PM
JEFFREY D. KYLE
Clerk

# IN THE THIRD COURT OF APPEALS OF TEXAS

**Janos Farkas**
*Appellant*

**v.**

**Wells Fargo Bank, N.A. and Brice Vander Linden & Wernick, P.C. n/k/a Buckley Madole, P.C.**
*Appellees*

## ON APPEAL FROM THE 201st DISTRICT COURT TRAVIS COUNTY, TEXAS TRIAL COURT CAUSE NO.  D-1-GN-11-003692

## APPELLANT'S BRIEF

William D. Davis
Bar No. 00796444
DAVIS & ASSOCIATES
P.O. Box 1093
Dripping Springs, Texas 78620
(512) 858-9910 (TEL)
(512) 858-2357 (FAX)
bdavis@capital-ip.com

ATTORNEY FOR APPELLANT JANOS FARKAS

**ORAL ARGUMENT NOT REQUESTED**

NO. 03-14-00716-CV

---

# IN THE THIRD COURT OF APPEALS OF TEXAS

---

**Janos Farkas**
*Appellant*

v.

**Wells Fargo Bank, N.A. and Brice Vander Linden & Wernick, P.C. n/k/a Buckley Madole, P.C.**
*Appellees*

---

## ON APPEAL FROM THE 201st DISTRICT COURT
## TRAVIS COUNTY, TEXAS
## TRIAL COURT CAUSE NO. D-1-GN-11-003692

---

## APPELLANT'S BRIEF

---

William D. Davis
Bar No. 00796444
DAVIS & ASSOCIATES
P.O. Box 1093
Dripping Springs, Texas 78620
(512) 858-9910 (TEL)
(512) 858-2357 (FAX)
bdavis@capital-ip.com

ATTORNEY FOR APPELLANT JANOS FARKAS

**ORAL ARGUMENT NOT REQUESTED**

i

# IDENTITY OF PARTIES AND COUNSEL

**1. Appellant**
Janos Farkas
(Plaintiff in Underlying Action)

*Represented by:*
William D. Davis
Bar No. 00796444
bdavis@capital-ip.com

DAVIS & ASSOCIATES
P.O. Box 1093
Dripping Springs, TX 78620
(512) 858-9910 (TEL)
(512) 858-2357 (FAX)

**2. Appellee**
Wells Fargo Bank, N.A.
(Defendant in Underlying Action)

*Represented by:*
B. David Foster
Bar No. 24031555
dfoster@lockelord.com

Susan A. Kidwell
Bar No. 24032626
skidwell@lockelord.com

LOCKE LORD, LLP
600 Congress Ave., Suite 2200
Austin, Texas 78701
(512) 305-4700 (TEL)
(512) 305-4800 (FAX)

**3. Appellee**
Brice Vander Linden & Wernick, P.C.,
n/k/a Buckley Madole, P.C.
(Defendant in Underlying Action)

*Represented by:*
Luke Madole
Bar No. 12801800
luke.madole@buckleymadole.com

Sammy Hooda
Bar No. 24064032
sammy.hooda@buckleymadole.com

BUCKLEY MADOLE, P.C.
14841 Dallas Parkway, Suite 425
Dallas, TX 75254
(972) 643-6600 (TEL)
(972) 643-6698 (FAX)

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ......................................................... ii

INDEX OF APPENDIX EXHIBITS ................................................................... vi

INDEX OF AUTHORITIES ............................................................................... vii

STATEMENT OF THE CASE ............................................................................ 1

ISSUES PRESENTED ........................................................................................ 2

ISSUE 1: Whether the trial court erred in overruling Farkas' objections to Wells_Bank's summary judgment evidence? ........................................................ 2

ISSUE 2: Whether the trial court erred in granting Wells_Bank's traditional and no-evidence motions for summary judgment on Farkas' claim of a TEX. CONST. Art. XVI, §50(a)(6) violation. ................................................................... 2

ISSUE 3: Whether the trial court erred in granting Wells_Bank's and Brice's traditional and no-evidence motions for summary judgment on Farkas' Texas Debt Collection Practices Act (TEX. FIN. CODE §392.001, *et seq.*) claim. .......... 2

ISSUE 4: Whether the trial court erred in granting Wells_Bank's and Brice's traditional and no-evidence motions for summary judgment on Farkas' TEX. CIV. PRAC. & REM. CODE §12.002 cause of action. ............................................. 2

ISSUE 5: Whether the trial court erred in denying Farkas' traditional motion for partial summary judgment on Farkas' Texas Debt Collection Practices Act (Tex. FIN. CODE §392.001, *et seq.*) , TEX. CIV. PRAC. & REM. CODE §12.002, TEX. CONST. Art. XVI, §50(a)(6) causes of action. ................................ 2

STATEMENT OF UNDISPUTED FACTS ......................................................... 2

SUMMARY OF THE ARGUMENT .................................................................. 6

ARGUMENTS AND AUTHORITIES ............................................................... 7

A. Standard of Review ................................................................................. 7
   1. Farkas' Objections to Wells_Bank's Summary Judgment evidence ......... 7
   2. Traditional Motion for Summary Judgment ............................................. 8
   3. No-Evidence Motion for Summary Judgment ........................................... 9

B.   ISSUE 1: The trial court erred in overruling Farkas' objections to Wells_Bank's summary judgment evidence. ........................................................ 9

   1.   Error was preserved for appeal .................................................... 9

   2.   Legal standards regarding admissibility ................................... 10

   3.   Wells_Bank's Exhibit 1 was not admissible ............................ 13

   4.   Inconsistent portions of Wells_Bank's Amd MSJ Ex. 3, 4 should likewise have been struck due to inconsistency with Ex. 1. .......................................... 15

   5.   Admission of Objected_to_Evidence led to improper judgment ............. 16

   6.   Admission of Objected_to_Evidence was an abuse of discretion ........... 17

C.   ISSUE 2: Whether the trial court erred in granting Wells_Bank's traditional and no-evidence motions for summary judgment on Farkas' claim of a Tex. Const. Art. XVI, §50(a)(6) violation. ................................................. 18

   1.   Wells_Bank's traditional Motion for summary judgment concerning Tex. Const. Art. XVI, §50(a)(6) must fail as a matter of law .............................. 18

   2.   Wells_Bank's no-evidence motion for summary judgment concerning Tex. Const. Art. XVI, §50(a)(6) must fail as a matter of law ....................... 23

D.   ISSUE 3: Whether the trial court erred in granting Wells_Bank's and Brice's traditional and no-evidence motions for summary judgment on Farkas' Texas Debt Collection Practices Act (Tex. Fin. Code §392.001, *et seq.*) claim. ........................................................................................ 24

   1.   Wells_Bank's and Brice's traditional motion for summary judgment concerning Farkas' Texas Debt Collection Practices Act (Tex. Fin. Code §392.001, et seq.) claim must fail as a matter of law ................................... 24

   2.   Wells_Bank's and Brice's no-evidence motion for summary judgment concerning Farkas' Texas Debt Collection Practices Act (Tex. Fin. Code §392.001, et seq.) claim must fail as a matter of law ................................... 25

   3.   Brice not entitled to "attorney immunity" as an affirmative defense ...... 28

E.   ISSUE 4: Whether the trial court erred in granting Wells_Bank's and Brice's traditional and no-evidence motions for summary judgment on Farkas' Tex. Civ. Prac. & Rem. Code §12.002 cause of action. ...................... 30

   1.   Wells_Bank's and Brice's traditional motions for summary judgment concerning Tex. Civ. Prac. & Rem. Code §12.002 cause of action. ............ 30

iv

2. Wells_Bank's and Brice's no-evidence motion for summary judgment concerning TEX. CIV. PRAC. & REM. CODE §12.002 cause of action must fail as a matter of law............................................................................. 31

3. Brice not entitled to "attorney immunity" as an affirmative defense ...... 31

E. ISSUE 5: Whether the trial court erred in denying Farkas' traditional motion for partial summary judgment on Farkas' Texas Debt Collection Practices Act (Tex. FIN. CODE §392.001, *et seq.*) , TEX. CIV. PRAC. & REM. CODE §12.002, TEX. CONST. Art. XVI, §50(a)(6) ............................................. 32

1. Background concerning Deed of Trust and Notice requirements............ 32

2. Violation of Texas Debt Collection Act (TEX. FIN. CODE §392.001, et seq.) ....................................................................................................... 35

3. Violation of TEX. CIV. PRAC. & REM. CODE §12.002(a) ......................... 40

E. Violation of Tex. Const. Art. XVI Sec 50(a)(6)(Q)(x) ............................. 47

PRAYER.................................................................................................................. 48

CERTIFICATE OF COMPLIANCE.................................................................... 50

CERTIFICATE OF SERVICE ............................................................................. 50

APPENDIX

# INDEX OF APPENDIX EXHIBITS

October 13, 2014 Order ...................................................................... Ex. A

November 10, 2014 Notice of Appeal ............................................... Ex. B

# INDEX OF AUTHORITIES

**CASES**

*Aland v. Martin*, 271 S.W.3d 424 (Tex. App. – Dallas 2008) ............................... 43

*Allen Sales & Servicenter, Inc. v. Ryan*, 525 S.W.2d 863 (Tex. 1975) ........... 19, 33

*Brown v. State*, 960 S.W.2d 772 (Tex.App.—Dallas 1997, *pet. ref'd*) ................. 17

*Casso v. Brand*, 776 S.W.2d 551 (Tex. 1989) ...................................................... 10

*City of Brownsville v. Alvarado*, 897 S.W.2d 750 (Tex. 1995) ........................ 8, 16

*Crain v. Davis*, 417 S.W.2d 53 (Tex. 1967) .......................................................... 11

*Dolcefino v. Randolph*, 19 S.W.3d 906 (Tex. App.—Houston [14th Dist.] 2000, *pet. denied*) ......................................................................................................... 9

*Earle v. Ratliff*, 998 S.W.2d 882 (Tex. 1999) ...................................................... 11

*Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394 (Tex. 1989) ............................ 8

*Gordon v. West Houston Trees, Ltd.*, 2011 Tex. App. LEXIS 3204 (Tex. App.-Houston [1st Dist.] 2011) ....................................................................................... 41

*In re E.A.K.*, 192 S.W.3d 133 (Tex. App.- Houston [14th Dist.] 2006, *pet. ref'd*) 12

*King v. Skelly*, 452 S.W.2d 691 (Tex.1970) .......................................................... 16

*Kingman Holdings, LLC v. CitiMortgage, Inc.*, 2011 U.S. Dist. LEXIS 52805 (E.D. Tex.-Sherman 2011) ................................................................................... 44

*McCamish v. F. E. Appling Interests*, 991 S.W.2d 787 (Tex. 1999) ..................... 29

*McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337 (Tex. 1993) ............... 8

*McCraw v. Maris*, 828 S.W.2d 756 (Tex.1992) .................................................... 16

*Nichols v. Smith*, 507 S.W.2d 518 (Tex. 1974) ...................................................... 9

*Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546 (Tex. 1985) ................................. 8

*Ogden v. Gibraltar Sav. Assoc.*, 640 S.W.2d 232 (Tex. 1982) ....................... 19, 33

*Poole v. Houston & T.C. Ry*, 58 Tex. 134, (1882) ................................................ 29

*Republic Nat'l Leasing Corp. v. Schindler*, 717 S.W.2d 606 (Tex.1986) .............. 10

*Taylor Elec. Services, Inc. v. Armstrong Elec. Supply Co.*, 167 S.W.3d 522 (Tex.App.-Ft. Worth 2005, *no pet.*) .................................................................... 44

*Tex. Dep't. Transp. v. Able*, 35 S.W.3d 608 (Tex. 2000) ................................. 8, 16

*Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749 (Tex.1998) ..... 16

*Walker & Associates Surveying, Inc. v. Roberts*, 306 S.W.3d 839 (Tex. App.-Texarkana 2010) .................................................................................................... 41

**STATUTES**

TEX. CIV. PRAC. & REM. CODE §12.002 ........................................................ passim

TEX. CIV. PRAC. & REM. CODE §38.001 ................................................................ 48

TEX. FIN. CODE §392.001 ....................................................................................... 31

TEX. FIN. CODE §392.001, et seq. .................................................................... passim
TEX. FIN. CODE §392.301(a)(7) ............................................................................ 36
TEX. FIN. CODE §392.301(a)(8) ....................................................................... 36, 37
TEX. FIN. CODE §392.304(a)(1) ............................................................................ 37
TEX. FIN. CODE §392.304(a)(19) .......................................................................... 39
TEX. FIN. CODE §392.304(a)(4) ............................................................................ 37
TEX. FIN. CODE §392.304(a)(8) ............................................................................ 38
TEX. FIN. CODE §392.304(b).................................................................................. 38
TEX. FIN. CODE §392.403(a) ................................................................................. 40
TEX. FIN. CODE §392.403(b) ................................................................................. 40
TEX. PROP. CODE §51.0001(3).............................................................................. 16

## RULES

Tex. R. Civ. P. 166a(c) ........................................................................ 8, 10, 26, 31
Tex. R. Civ. P. 166a(f) ............................................................................................ 11
Tex. R. Civ. P. 166a(i) .............................................................................................. 9
Tex. R. Evid. 103(a)................................................................................................. 7
Tex. R. Evid. 801(d) ............................................................................................... 11
Tex. R. Evid. 802 .................................................................................................... 11
Tex. R. Evid. 803 .................................................................................................... 11
Tex. R. Evid. 803(6) ............................................................................................... 11
Tex. R. Evid. 902(10) ............................................................................................. 12

## CONSTITUTIONAL PROVISIONS

TEX. CONST. Art. XVI, §50(a)(6) ................................................................... passim
TEX. CONST. Art. XVI, §50(a)(6)(D)..................................................................... 36
TEX. CONST. Art. XVI, §50(a)(6)(Q)(x) ......................................................... passim

## STATEMENT OF THE CASE

Janos Farkas ("Farkas") contends Wells Fargo Bank, N.A. ("Wells_Bank") and its agent(s) engaged in various activities to obtain benefits under a deed of trust without complying with the Texas Constitution and the deed of trust. Farkas sought relief under the Texas Debt Collection Act, Civ. Prac. & Rem. Code §12.002(b), and the Texas Constitution. *See*, Amd. Pet. [CR 3-14] Wells_Bank and Brice Vander Linden & Wernick, P.C. n/k/a Buckley Madole, P.C. ("Brice") each filed traditional and no-evidence motions for summary judgment. [CR 15-172, 343-353], respectively. Farkas filed a motion for partial summary judgment and objections to Wells_Bank's summary judgment evidence. [CR 173-342, 505-512] Subsequent a hearing the trial court issued an order ("Order") dated October 13, 2014. **Ex. A**.[1] [CR 604-607] The Order i) granted Wells_Bank's traditional and no-evidence motion for summary judgment, ii) granted Brice's traditional and no-evidence motion for summary judgment, and iii) denied Farkas' traditional motion for partial summary judgment and overruled his objections to Wells_Bank's summary judgment evidence. Farkas timely filed a notice of appeal November 10, 2014. [CR 608-610], **Ex. B**. Farkas now submits his Appellant's Brief.

---

[1] References to "Ex." are to the identified exhibits contained in the attached Appendix unless indicated otherwise. The Appendix and exhibits are incorporated by reference into this brief.

# ISSUES PRESENTED

**ISSUE 1: Whether the trial court erred in overruling Farkas' objections to Wells_Bank's summary judgment evidence?**

**ISSUE 2: Whether the trial court erred in granting Wells_Bank's traditional and no-evidence motions for summary judgment on Farkas' claim of a TEX. CONST. Art. XVI, §50(a)(6) violation.**

**ISSUE 3: Whether the trial court erred in granting Wells_Bank's and Brice's traditional and no-evidence motions for summary judgment on Farkas' Texas Debt Collection Practices Act (TEX. FIN. CODE §392.001, *et seq.*) claim.**

**ISSUE 4: Whether the trial court erred in granting Wells_Bank's and Brice's traditional and no-evidence motions for summary judgment on Farkas' TEX. CIV. PRAC. & REM. CODE §12.002 cause of action.**

**ISSUE 5: Whether the trial court erred in denying Farkas' traditional motion for partial summary judgment on Farkas' Texas Debt Collection Practices Act (Tex. FIN. CODE §392.001, *et seq.*) , TEX. CIV. PRAC. & REM. CODE §12.002, TEX. CONST. Art. XVI, §50(a)(6) causes of action.**

# STATEMENT OF UNDISPUTED FACTS

1.  Plaintiff/Appellant Janos Farkas executed a Home Equity Extension of Credit Agreement ("HEEC") for a loan. Wells_Bank was the entity identified as the lender.

2.  A deed of trust ("DOT") security instrument associated with the HEEC identified Farkas' homestead property located at 6315 Farmdale Lane, Austin Texas ("Property") as collateral. The DOT was recorded in Travis County, Texas on January 30, 2007.

3.  Farkas received a letter dated April 21, 2011 from Brice claiming to represent Wells Fargo Home Equity ("Wells_HE"). [CR 197-198, 261-262] The

letter was titled "Notice of Default and Intent to Accelerate Letter". The letter stated in relevant part:

> We represent Wells Fargo Home Equity, whose address is 3476 Stateview Blvd, Fort Mill, SC 29715 which, if it is not the Current Mortgagee, is acting as the Mortgage Servicer and representing the Current Mortgagee pursuant to a Mortgage Servicing Agreement *concerning the Note and Deed of Trust which are associated with the above referenced loan number*.
> (*emphasis added*)

4.     The subject line of the letter referenced loan number "0999617061". The loan number identified on the letter was not the loan number of any loan Farkas had or has.

5.     The Brice letter clearly intended that "Current Mortgagee" and "Mortgage Servicer" have specific meaning. The terminology and language stems from TEX. PROP. CODE §51.0001 and the definitions for those terms are particular to administration of non-judicial foreclosure. Wells Fargo Home Equity ("Wells_HE") was cast as either: i) the "Current Mortgagee" or as ii) the "Mortgage Servicer" for the "Current Mortgagee" pursuant to a "Mortgage Servicing Agreement".

6.     The April 21, 2011 letter from Brice also stated:

> According to the information provided to us by our client, as of March 22, 2011, the amount required to cure the default is $2,013.30.
> • • •
> Our firm has been requested to pursue non-judicial foreclosure processing in accordance with the terms of the Note and Deed of Trust and applicable law. As a prerequisite to exercising the

3

> contractual rights of the Note and Deed of Trust, *and pursuant to the provisions of the Texas Property Code, Section 51.002*, the following notices are provided to you:
>
> • • •
>
> 3. If the default is not cured by such payment within thirty (30) days of the date of this notice, without further notice or demand, the maturity date of the Note will be accelerated and all sums secured by the Deed of Trust will be declared to be immediately due and payable. *Thereafter, it is intended that the property be sold by a Substitute Trustee at a public foreclosure sale.*
>
> (*emphasis added*)

7.      On May 12, 2011 Farkas sent a letter to Brice requesting validation of the debt and the amount required to reinstate. [CR 200]

8.      Brice responded by letters dated May 24, 2011. [CR 202-206] Brice again identified the relevant loan as loan number "0999617061". Brice claimed the reinstatement amount for that loan number was $19,604.23. Brice indicated in the "Default Cure Inquiry Response" letter that the stated amount should be paid by certified funds to "Wells Fargo Home Equity". [CR 203] Brice indicated on the "Loan Payoff Inquiry Response" letter that the stated amount should be paid by certified funds to "Wells Fargo Home Equity". [CR 204] An "Individual Message" accompanying the May 24, 2011 letters identified the loan as "Case Type Foreclosure (Non - Judicial)" – suggesting again that the Property would be foreclosed if the indicated amounts and possibly more were not paid by sending Brice certified funds identifying "Wells Fargo Home Equity" as a payee. [CR 205-206]

4

9.    Farkas sent a letter dated June 9, 2011 to Brice requesting clarification about the discrepancies in the reinstatement amounts indicated in Brice's April 21, 2011 and May 24, 2011 letters. [CR 208]

10.    On June 20, 2011, Brice sent essentially the same document as was provided in its May 24th response.

11.    Brice subsequently sent a "Notice of Acceleration" dated June 23, 2011 to Farkas. [CR 210, 263-264] The Notice of Acceleration *again* references Loan Number "0999617061" and states that the notice is provided "with respect to the above-referenced loan."  Brice now claimed to be representing Wells_Bank as opposed to Wells_HE.

12.    On September 14, 2011 on behalf of Wells_Bank, Brice filed an "Application for Court Order Allowing Foreclosure" (D-1-GN-11-002863) under Tex. R. Civ. P. 736 ("736 Proceeding").  [CR 213-327]  The application stated that the principal and interest payment in default was $4,002.64.  [CR 218]  The application did not expressly state the amount to cure the default, however, $4,002.64 would appear to be sufficient to cure the default although this amount is not consistent other representations made by Brice.

13.    On October 17, 2011, Farkas set another letter requesting clarification regarding the discrepancies in the reinstatement amounts. [CR 272]

14. On October 24, 2011 Brice once more sent essentially the same document as was provided in its May 24th response.

15. Farkas filed suit to abate the 736 Proceeding pursuant to the Texas Rules of Civil Procedure then in-effect.

16. On August 31, 2012 Farkas sent Wells_Bank a letter notifying Wells_Bank of a failure to fulfill the terms of the extension of credit of the HEEC regarding the notice of default and acceleration. [CR 274-275] Farkas sent the letter to the address set forth in the DOT in accordance with the terms of the DOT and the requirements of TEX. CONST. Art. XVI, §50(a)(6)(Q)(x). Farkas contended Wells_Bank did not provide the notice of default as required under the DOT. Acceleration was performed despite the prohibitions set forth in the DOT.

17. On October 3, 2012, counsel for Wells_Bank sent a letter to Farkas in response to Farkas' August 31, 2012 letter. [CR 277-327] Counsel's letter did not offer to cure the failure to fulfill the terms of the extension of credit despite the ample opportunity to do so by one of the methods provided by TEX. CONST. Art. XVI, §50(a)(6)(Q)(x).

## SUMMARY OF THE ARGUMENT

18. The trial court erred in overruling Farkas' objections to Wells_Bank's summary judgment evidence. Wells_Bank relied on the evidence in its motion for summary judgment ("MSJ") and its traditional motion would have had to be

denied if Farkas' objection had been sustained. The trial court erred in granting Wells_Bank's and Brice's motions for summary judgment while denying Farkas' motion for partial summary judgment. Wells_Bank and Brice either failed to disprove an element of Farkas' causes of action or failed to specifically challenge the evidentiary support for an element of a claim. Brice is not entitled to attorney immunity because Brice is not an attorney and in any event is not immune from liability for violation of statute.

## ARGUMENTS AND AUTHORITIES

### A. Standard of Review

#### 1. Farkas' Objections to Wells_Bank's Summary Judgment evidence

19. In order to prevail on his objections to the admission of Wells_Bank's Summary Judgment evidence, Farkas must i) have preserved the error for appellate review, and ii) established that the standard for reversing the trial court's evidentiary ruling has been met. The standard for each of these prongs is set forth below.

#### a. Standard for preserving error for appellate review

20. The standard for preserving evidentiary error for appellate review is set forth at Tex. R. Evid. 103(a) which provides in relevant part:

> Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

(1) Objection. In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context. When the court hears objections to offered evidence out of the presence of the jury and rules that such evidence be admitted, such objections shall be deemed to apply to such evidence when it is admitted before the jury without the necessity of repeating those objections.

### b. Standard for reversing the trial court's evidentiary ruling

21. An appeal of a trial court's decision concerning the admission or exclusion of evidence is subject to the abuse of discretion standard. *Tex. Dep't. Transp. v. Able*, 35 S.W.3d 608, 617 (Tex. 2000); *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex. 1995); *Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394, 396 (Tex. 1989).

### 2. Traditional Motion for Summary Judgment

22. A party who moves for traditional summary judgment must establish that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985)  A motion for summary judgment must itself expressly present the grounds upon which it is made, and must stand or fall on these grounds alone. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993); see Tex. R. Civ. P. 166a(c).  ("The motion for summary judgment shall state the specific grounds therefor.").  When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Id*.  In any

8

traditional motion for summary judgment, the movant must conclusively prove all essential elements of his cause of action or defense as a matter of law. If a plaintiff meets this burden by proving the essential elements of its affirmative claim, it is entitled to summary judgment unless the defendant comes forward with summary judgment proof sufficient to raise a fact issue as to an affirmative defense. *Nichols v. Smith*, 507 S.W.2d 518, 520 (Tex. 1974)

### 3. No-Evidence Motion for Summary Judgment

23. A party may move for summary judgment "on the ground that there is no evidence of one or more essential elements of a claim or defense on which the adverse party would have the burden of proof at trial." Tex. R. Civ. P. 166a(i). A no-evidence motion for summary judgment must specifically state the elements for which there is no evidence. *Id.* "The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact." *Id.* Any such evidence must be competent. *Dolcefino v. Randolph*, 19 S.W.3d 906, 917 (Tex. App.—Houston [14th Dist.] 2000, *pet. denied*).

**B. ISSUE 1: The trial court erred in overruling Farkas' objections to Wells_Bank's summary judgment evidence.**

### 1. Error was preserved for appeal

24. The record illustrates Farkas timely filed specific objections and a motion to strike and exclude specified items of Wells_Banks' summary judgment

9

evidence. [CR 505-512]  The objections and motion to strike and exclude were directed to the following (collectively "Objected_to_Evidence"):

- Wells_Bank's Exhibit 1 ("Declaration of Michael Dolan") (in the entirety)
- Wells_Bank's Exhibit 3 ("Declaration of Sammy Hooda") (in part)
- Wells_Bank's Exhibit 4 ("Declaration of B. David L. Foster") (in part)

Moreover the objections were considered by the trial court and overruled. Thus Farkas preserved the error for appeal.  [CR 505-512, 604-607]

### 2.    Legal standards regarding admissibility

25.    The Objected_to_Evidence consist of inadmissible hearsay, legal conclusion, are not readily controvertible, and are not free from contradictions and inconsistencies.

26.    Summary judgment rules permit the granting of a summary judgment on the basis of uncontroverted testimonial evidence of an interested witness if that evidence "is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." *Casso v. Brand*, 776 S.W.2d 551, 558 (Tex. 1989); *Republic Nat'l Leasing Corp. v. Schindler*, 717 S.W.2d 606, 607 (Tex.1986); Tex. R. Civ. P. 166a(c).

27.    Conclusory statements are insufficient to support summary judgment as a matter of law.  *Hidalgo v. Surety S&L Assn.*, 487 S.W.2d 702, 703 (Tex. 1972); *Mercer v. Daoran Corp.*, 676 S.W.2d 580, 583  (Tex. 1984); *Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex. 1991); *Wadewitz v. Montgomery*, 951 S.W.2d 464, 466

(Tex. 1997). The summary judgment affidavits must set forth "such facts as would be admissible in evidence," not mere conclusions. Tex. R. Civ. P. 166a(f); *Crain v. Davis*, 417 S.W.2d 53, 55 (Tex. 1967). A conclusory statement is one that does not provide the underlying facts to support the conclusion. *See Earle v. Ratliff,* 998 S.W.2d 882, 890 (Tex. 1999) (stating that a witness's affidavit is conclusory if it fails to explain the basis of the witness's statements to link his conclusions to the facts).

28. Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Tex. R. Evid. 801(d). The rules of evidence classify some evidence as non-hearsay and some evidence as hearsay admissible under an exception to the hearsay rule. See Tex. R. Evid. 802 ("Hearsay is not admissible except as provided by statute or these rules…"); Tex. R. Evid. 803 ("The following are not excluded by the hearsay rule ...").

29. One exception to the hearsay rule is the exception for regularly conducted activities aka "business records exception". Tex. R. Evid. 803(6). The business records exception has a number of requirements: (1) the records were made and kept in the course of a regularly conducted business activity; (2) it was the regular practice of the business activity to make the records; (3) the records were made at or near the time of the event that they record; and (4) the records were made by a

11

person with knowledge who was acting in the regular course of business. *In re E.A.K.*, 192 S.W.3d 133, 141 (Tex. App.- Houston [14th Dist.] 2006, *pet. denied*).

30.    The proponent of business records must either introduce them through live testimony from a records' custodian, or satisfy the requirements of Tex. R. Evid. 902(10) as a predicate to admissibility.

31.    Tex. R. Evid. 902(10) provides in relevant part:

> (10) Business Records Accompanied by Affidavit.
> (a) *Records or photocopies; admissibility; affidavit; filing.* Any record or set of records or photographically reproduced copies of such records, which would be admissible under Rule 803(6) or (7) shall be admissible in evidence in any court in this state upon the affidavit of the person who would otherwise provide the prerequisites of Rule 803(6) or (7), that such records attached to such affidavit were in fact so kept as required by Rule 803(6) or (7), provided further, that such record or records along with such affidavit are filed with the clerk of the court for inclusion with the papers in the cause in which the record or records are sought to be used as evidence at least fourteen days prior to the day upon which trial of said cause commences, and provided the other parties to said cause are given prompt notice by the party filing same of the filing of such record or records and affidavit, which notice shall identify the name and employer, if any, of the person making the affidavit and such records shall be made available to the counsel for other parties to the action or litigation for inspection and copying. The expense for copying shall be borne by the party, parties or persons who desire copies and not by the party or parties who file the records and serve notice of said filing, in compliance with this rule. Notice shall be deemed to have been promptly given if it is served in the manner contemplated by Rule of Civil Procedure 21a fourteen days prior to commencement of trial in said cause.

12

### 3. Wells_Bank's Exhibit 1 was not admissible

#### a. *Wells_Bank's Exhibit 1 – "Declaration of Michael Dolan" – Lack of Supporting Documents/Facts – not readily controvertible*

32. The Declaration of Michael Dolan [CR 43-69] contains numerous statements that are clearly offered to prove the truth of the matter asserted and constitute inadmissible hearsay. For example:

> at ¶8 Dolan states " 'Wells Fargo Home Equity' is a division of 'Wells Fargo Bank, N.A.' and is not a separate legal entity. Home equity loans and lines of credit were available through Wells Fargo Home Equity Group;

*See*, [CR 45]. Dolan is not consistent with respect to reference (i.e., "Wells Fargo Home Equity" vs. "Wells Fargo Home Equity Group"). Whether home equity loans and lines of credit were "available through Wells Fargo Home Equity Group" is misleading and irrelevant to this proceeding. Dolan has proffered <u>zero</u> documentation, financial statements, or other business records to support his assertion that "Wells Fargo Home Equity" is a division of Wells Fargo Bank, N.A. today or was a division of Wells Fargo Bank, N.A. at the relevant time which is when the notices were sent out. Farkas contends that this statement is not readily controvertible and otherwise fails the *Casso* standard.

#### b. *Wells_Bank's Exhibit 1 – "Declaration of Michael Dolan" – Lack of Personal Knowledge*

33. Dolan's claimed "personal knowledge" of the facts appears to be less than credible. First, Dolan claims experience based upon "28 years of employment

13

with Wells Fargo *and its predecessor institutions*." (*emphasis added*) [CR 44] Wells Fargo Bank, N.A.'s lineage can be traced back to 1852 with respect to banking services. Dolan did not pre-date Wells Fargo Bank, N.A. Moreover, the length of time Dolan has actually been employed *with Wells Fargo Bank, N.A.* is indeterminate from this declaration and an indeterminate employment period is hardly supportive of his claim of personal knowledge of the practices of Wells Fargo Bank, N.A. back to 2007 or earlier.

34. Finally, Dolan's claimed "personal knowledge" appears to be derived solely from reviewing records created by others. Dolan does not claim to have created or maintained the records. Dolan cannot competently testify to the manner in which records were created or maintained prior his arrival at Wells Fargo Bank, N.A. – which is itself an indeterminate date.

### c. Wells_Bank's Exhibit 1 – "Declaration of Michael Dolan" – Inconsistencies

35. Dolan's declaration contains inconsistencies when compared to Wells Bank's other Amd MSJ evidence.

36. At ¶9, Dolan states: "Plaintiff has not made a payment on the Loan Since August, 2010*".* [CR 45]

37. At ¶10 Dolan states: "The amount required to cure Plaintiff's default on the Loan as of March 22, 2011 was $2,013.20". [CR 45]

14

38. However, Wells Bank's Amd MSJ, Ex. 4B (an attachment to the Declaration of B. David L. Foster) indicates a tax payment in the amount of $14,623.53 owed as of December 15, 2010. [CR 171] Thus it would be inconsistent to claim $2,013.20 was the amount required to cure a default as of March 22, 2011 in view of the allegations of no payments made since August 2010.

39. At ¶11 Dolan states: "The amount required to cure Plaintiff's default on the Loan as of July 25, 2011 was $4,002.64". [CR 45] However, Dolan's own Ex. 1E includes a note dated 07/25/2011 which indicates "$18,931.25 the total amount due to reinstate this loan". [CR 68] Moreover Wells Bank's Amd MSJ Ex. 4 indicates a materially different amount. See also Wells Bank's Amd MSJ, Ex. 3, 3C – Declaration of Sammy Hooda which identifies yet *another* materially different amount as the amount required to cure the alleged default. [CR 84-149 at 90]

**4. Inconsistent portions of Wells_Bank's Amd MSJ Ex. 3, 4 should likewise have been struck due to inconsistency with Ex. 1.**

40. Wells_Bank's Amd MSJ Ex. 1, 3, and 4 give wildly varying accounts as to amounts allegedly owed. The conflicting portions of all of these declarations should be struck due to inconsistency. Instead the Court overruled Farkas' objections to the Objected_to_Evidence.

15

### 5. Admission of Objected_to_Evidence led to improper judgment

41. A party requesting reversal of a judgment based on one or more evidentiary errors is not required prove that but for the error a different judgment would necessarily have been rendered. The party is required to show that the error probably resulted in an improper judgment. *Brownsville*, 897 S.W.2d at 753; *McCraw v. Maris*, 828 S.W.2d 756, 758 (Tex.1992); *King v. Skelly*, 452 S.W.2d 691, 696 (Tex.1970). The appellant usually must show that the judgment turns on the admission or exclusion of the particular evidence at issue on appeal. *Tex. Dep't. Transp.*, 35 S.W.3d at 617; *Brownsville*, 897 S.W.2d at 753-54. In making the determination whether the case "turns" on the evidence in question, the appellate court reviews the entire record. *Tex. Dep't Transp.*, 35 S.W.3d at 617; *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 756 (Tex.1998). *Brownsville*, 897 S.W.2d at 754.

42. The Declaration of Michael Dolan was an indispensable component of Wells_Bank's Motion for Summary Judgment. Wells_Bank relied on this Dolan Declaration to establish disputed facts including: i) whether Wells_Bank and Wells_HE were the same or distinct entities, ii) amounts allegedly owed and to whom they were owed, iii) whether Wells_Bank (or Wells_HE) was a "mortgage servicer" as that term is defined by TEX. PROP. CODE §51.0001(3), iv) payment history, etc.

16

43.  If the Declaration of Michael Dolan were struck, Wells_Bank's MSJ would have had to be denied.  Instead Wells_Bank's MSJ was granted. The judgment regarding Farkas' causes of action under the Texas Debt Collection Act, CIV. PRAC. & REM. CODE §12.002, and Texas Constitution turns on the admission or exclusion of the Declaration of Michael Dolan and accompanying exhibits. Thus the inclusion of the Declaration of Michael Dolan resulted in an incorrect judgment.

**6.  Admission of Objected_to_Evidence was an abuse of discretion**

44.  A trial court abuses its discretion if its decision is arbitrary or unreasonable." *Brown v. State*, 960 S.W.2d 772, 778 (Tex.App.—Dallas 1997, *pet. ref'd*).

45.  The Dolan Declaration lacked supporting documents when such documents should have been provided if they existed.  The Dolan Declaration was conclusory.  The declarant did not have "personal knowledge".  The Dolan Declaration was internally inconsistent and Dolan's statements varied significantly from the exhibits attached to Wells_Bank's own counsels' declarations and exhibits.

46.  Although a trial court is given great latitude in evidentiary matters, Farkas submits that the admission of Wells_Bank's evidence over the objection of Farkas

was arbitrary and unreasonable. The admission of such evidence was erroneous and was calculated to ensure an improper verdict.

47. Accordingly Farkas submits the admission of the Objected_to_Evidence was an abuse of discretion. Farkas requests the Court strike the Objected_to_Evidence and reverse the trial court's decision that was in favor of Wells_Bank's MSJ.

**C. ISSUE 2: Whether the trial court erred in granting Wells_Bank's traditional and no-evidence motions for summary judgment on Farkas' claim of a TEX. CONST. Art. XVI, §50(a)(6) violation.**

    **1. Wells_Bank's traditional Motion for summary judgment concerning TEX. CONST. Art. XVI, §50(a)(6) must fail as a matter of law**

        *a. Terms of the extension of credit*

48. The Deed of Trust provides in relevant part:

> …If a default occurs (other than under Section 16 or under subsection (4) of this Section 21, unless Applicable Law provides otherwise), **Lender will give Borrower notice specifying: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured;** and (d) that failure to cure the default on or before the date specified in the notice will result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law…

49.    The DOT provides "Any notice to Borrower <u>in connection with this</u> <u>Security Instrument</u> shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means."  (emphasis added) *See*, Wells_Bank's Amd. MSJ, Ex. 2  at ¶13. [beginning at CR 70]

50.    The DOT defines the "Lender" to be Wells Fargo Bank, N.A. and "includes any holder of the Debt Instrument who is entitled to receive payments under the Debt Instrument". Wells_Bank's Amd. MSJ, Ex. 2 at page 1 [CR 70].

51.    Notice that the debt has been accelerated is ineffective unless preceded by proper notice of intent to accelerate.  *Ogden v. Gibraltar Sav. Assoc.*, 640 S.W.2d 232, 234 (Tex. 1982)(citing *Allen Sales & Servicenter, Inc. v. Ryan*, 525 S.W.2d 863 (Tex. 1975)).

52.    The Notice of Default and Intention to Accelerate dated April 21, 2011 *expressly referred to a loan other than the loan at issue*.[2] [CR 197-198, 261-262]

53.    The DOT identifies the loan with Account #: 650-650-4349999-1XXX, Reference #: 20063367500009, County Recorder Ref: 2007015512 at page 1. *See*, Wells_Bank's Amd. MSJ, Ex. 2 at page 1 [CR 70].  None of those are listed on April 21 letter sent to Farkas.  Instead the letter states that Brice is representing

---

[2] Plaintiff has two loans on the subject property with Wells Fargo. The loan at issue is in second lien position. Notwithstanding, the referred loan did not the match the other Wells Fargo loan either.

"Wells Fargo Home Equity… concerning the Note and Deed of Trust which are associated with the above referenced loan number". The number set forth is 0999617061. [CR 197-198, 261-262]

54. Farkas specifically requested Wells_HE agent's counsel to verify the loan and amount. Brice's response specifically identifies a "Loan No. 0999617061" (i.e., not as a matter number for the firm but a loan number for Farkas). Moreover, the response further includes a *different* numeric identifier for the firm's reference, i.e., "Our File No. 9508-0790" [CR 202-206]

55. Furthermore, the Notice of Default and Intention to Accelerate could not be connected with the Security Instrument at issue, because it stated, "Our firm has been requested to pursue non-judicial foreclosure processing in accordance with the terms of the Note and Deed of Trust and applicable law." [CR 197-198, 261-262] (*emphasis added*). However, as provided by the Deed of Trust and the Texas Constitution an HEEC can only be foreclosed pursuant to a court order.

> **b. Brice's April 21st, 2011 letter did not define a date not less than 30 days from the date the notice is given to Borrower, by which the default must be cured as was required by the DOT**

56. The Notice of Default and Intent to Accelerate is dated April 21, 2011 and demands payment "within 30 days of the date of this notice" to avoid acceleration. As indicated above, the Deed of Trust requires such notice provide for a date not less than 30 days from the date notice is given. *See*, Wells_Bank's Amd. MSJ, Ex.

20

2 at ¶20. [CR 70]  The timeframe provided was not compliant with the strict provisions of the Deed of Trust. As noted above, if the Notice of Default and Intent to Accelerate was defective then the Notice of Acceleration was likewise ineffective.

### c. Brice's April 21st, 2011 letter was not on behalf of the Lender as required by the DOT

57.    The Notice of Default and Intention to Accelerate purported to be from (or on behalf of) Wells Fargo Home Equity, not Wells Fargo Bank, N.A.

### d. Brice's July 23rd, 2011 letter is not a Notice to borrower in connection with the DOT at issue

58.    The Notice of Acceleration likewise referred to a loan other than the HEEC. The notice specifically indicates that the letter is "Re: Loan No. 0999617061". The text of the letter further states "You are hereby provided the following notice *with respect to the above-referenced loan*." (emphasis added) [CR 210, 263-264]

59.    The notice of acceleration was deficient both because it referred to the wrong loan and because it wasn't preceded by at least 30 days by a valid notice of default including notice of intent to accelerate.

60.    The "Notice of Acceleration" dated July 23, 2011 was a breach of the terms of the extension of credit to the extent it is interpreted to apply to Farkas' HEEC loan.  Farkas was not provided with the required notice of default applicable to the HEEC loan at least 30 days prior to the Notice of Acceleration.

61. Wells_Bank failed to fulfill its obligations under the terms of the extension of credit when its agents filed a 736 application in pursuit of an order of foreclosure without having provided Farkas with the requisite notice of default and without proper acceleration.

62. Farkas placed Wells_Bank on notice of its failures to fulfill the terms of the extension of credit in writing in accordance with TEX. CONST. Art. XVI, §50(a)(6)(Q)(x). Although Wells_Bank had ample opportunity to cure pursuant to one of the cure provisions set forth at TEX. CONST. Art. XVI, §50(a)(6)(Q)(x) a)-f), Wells_Bank instead chose not to cure. More than 60 days elapsed since Wells_Bank was put on notice of the failure to fulfill the terms of the extension of credit.

63. Farkas has not cited "actual foreclosure" or "failure to conclude a Rule 736 proceeding" as elements of the cause of action nor are they elements of the cause of action. The cause of action relates to the failure to fulfill the terms of the extension of credit with respect to notice of the default, notice of acceleration, and the filing of the 736 Application as specifically provided under the security instrument and Texas Constitution. These represent a failure to fulfill the terms of the extension of credit as set forth in the DOT. Despite notice, Wells_Bank took no steps to cure any of them within the timeframe required under TEX. CONST. Art. XVI, §50(a)(6)(Q)(x).

64.    Wells_Bank failed to disprove a single element of Farkas' cause of action for violation of TEX. CONST. Art. XVI, §50(a)(6)(Q)(x).    Accordingly, Wells_Bank's traditional motion for summary judgment on this issue must fail as a matter of law.

**2.    Wells_Bank's no-evidence motion for summary judgment concerning TEX. CONST. Art. XVI, §50(a)(6) must fail as a matter of law**

65.    Wells_Bank mischaracterized the constitutional obligation to fulfill the <u>terms of extension of credit</u> to only terms applicable to origination of the extension of credit.   However, there is no support for such an argument given that the Texas Constitution does not limit the obligation to fulfill to only those terms applicable to the origination of an extension of credit.   Indeed the Texas Constitution was amended to reference "the terms of the extension of credit" rather than specific constitutional provisions.

66.    A no-evidence motion for summary judgment must be specific in challenging the evidentiary support for an element of a claim.   Failure to specify the element at issue switches the burden of proof from the nonmovant to the movant.

67.    Wells_Bank fails to challenge specific elements of complaint regarding liability under TEX. CONST. ART. XVI, §50(a)(6)(Q)(x) and thus it cannot prevail on a no-evidence motion for summary judgment on this cause of action.

23

**D. ISSUE 3: Whether the trial court erred in granting Wells_Bank's and Brice's traditional and no-evidence motions for summary judgment on Farkas' Texas Debt Collection Practices Act (TEX. FIN. CODE §392.001, *et seq.*) claim.**

**1. Wells_Bank's and Brice's traditional motion for summary judgment concerning Farkas' Texas Debt Collection Practices Act (TEX. FIN. CODE §392.001, *et seq.*) claim must fail as a matter of law**

68.     Wells_Bank identifies violation of the Texas Debt Collection Act as having the following elements: (1) the debt at issue is a consumer debt; (2) the defendant is a debt collector within the meaning of the TDCA; (3) the defendant committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against the plaintiff [Farkas]; and (5) the plaintiff [Farkas] was injured as result of the defendant's wrongful act.

69.     Wells_Bank failed to identify any specific element that is disproved. There no dispute that the debt at issue is a consumer debt. There is no dispute that Wells_Bank and Brice are debt collectors within the meaning of the TDCA. There is no dispute that the acts complained of were committed against the Farkas. Wells_Bank does not appear to have argued that Farkas was harmed as a result of Wells_Bank acts. The dispute appears to be over whether Wells_Bank's actions were wrongful.

70.     As noted supra, Wells_Bank (through its agents Brice) threatened non-judicial foreclosure of Farkas house. Non-judicial foreclosure of a home equity line of credit is forbidden by the Texas Constitution as well as the terms of the

security instrument. Accordingly, Defendant threatened an act prohibited by law – which is an unlawful act actionable under the TDCA.

71. There is no competent evidence that Wells Fargo Home Equity is the same as Wells Fargo Bank, N.A. Wells_Bank misrepresented the entity to whom the debt was owed by holding "Wells Fargo Home Equity" out as an entity different entity. Farkas notes that the Brice law firm claimed to be representing "Wells Fargo Home Equity" and that one cannot represent less than a person. Wells_Bank attempted to utilize a Declaration of Michael Dolan in support of Wells_Bank's claim that Wells Fargo Home Equity is a division of Wells Fargo Bank, N.A. Farkas filed formal objections to the Declaration of Michael Dolan. In brief, the statement by Michael Dolan asserting "Wells Fargo Home Equity is a division of Wells Fargo Bank, N.A." is pure hearsay and does not qualify for admissibility under the business records exception or any other exception to hearsay.

72. Farkas requests the Court reverse the trial court Order granting Wells_Bank's and Brice's motion for summary judgment.

### 2. Wells_Bank's and Brice's no-evidence motion for summary judgment concerning Farkas' Texas Debt Collection Practices Act (TEX. FIN. CODE §392.001, *et seq*.) claim must fail as a matter of law

73. The rule does not authorize conclusory motions or general no-evidence challenges to an opponent's case. When a no-evidence motion for summary

judgment does not challenge specific elements, it must be treated as a traditional motion for summary judgment under Tex. R. Civ. P. 166a(c). Failure to specify the element at issue switches the burden of proof from the nonmovant to the movant and Defendant has not disproved any element of the causes of action asserted against it under the Texas Debt Collection Act.

74. Although in this case Wells_Bank argued that there was no evidence of certain conduct, in fact, there was ample evidence of the conduct actionable under TEX. FIN. CODE §392.001, *et seq*. which was made part of the record.

75. Wells_Bank claimed for example, there was no evidence that Wells_Bank used a name other than the true business or professional name or the true personal or legal name of the debt collector while engaged in debt collection, (2) failing to disclose clearly in any communication with the debtor the name of the person to whom the debt has been assigned or is owed when making a demand for money, (3) misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding, or (4) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer.

76. Wells_Bank in fact used multiple names including "Wells Fargo Bank, N.A.", "Wells Fargo Home Equity", "Wells Fargo Home Equity Group", and "Wells Fargo Mortgage Solutions". If one is to believe Wells_Bank's claim that

Wells Fargo Home Equity is a division of Wells_Bank and not a separate entity, then the letters sent by Wells_Bank's agents were clearly intended to misrepresent the identity of the debt collector. Wells_Bank repeatedly identified Wells_HE as if it were a separate person. Indeed Brice indicated checks should be made payable to Wells_HE. One makes checks out to a *person* not part of a person. Clearly Wells_Bank was attempting to mislead homeowners as to the relationship between Wells_Bank and Wells_HE and the identity of Wells_HE with respect to Wells_Bank. Wells Fargo Bank, N.A. was claiming to be a mortgage servicer for Wells Fargo Home Equity as if Wells Fargo Home Equity was a separate entity. Clearly Wells_HE sought to mislead the debtor as to whom the debt had been assigned or was owed. Similarly, the character, extent, and amount of the debt was misrepresented. Farkas was led to believe the full amount of the debt was owed to Wells_HE when (if one is to believe Wells_Bank's current version of facts) in fact Wells_Bank was actually the entity to which the monies were owed and there was no assignment of the loan to Wells_HE. Through its agents, Wells_Bank also threatened non-judicial foreclosure of a property that could only be foreclosed subsequent a judicial order. Wells_Bank threatened unlawful action in order to collect a debt.

77. The ruling on Farkas' objection to Wells_Bank's summary judgment evidence is not necessary nor dispositive of any ruling on Wells_Bank's and Brice's summary judgment motions concerning TDCA claims.

27

78.     Farkas requests the Court reverse the trial court Order granting Wells_Bank's and Brice's no-evidence motions for summary judgment.

### 3.     Brice not entitled to "attorney immunity" as an affirmative defense

79.     Brice argued that it is entitled to attorney immunity against all of the claims asserted by Farkas because all conduct complained of was performed by Brice during the course of their representation of Wells Fargo and solely in its capacity as legal counsel for Wells Fargo.

80.     No attorney has been named as a defendant as of the date of filing this response.

81.     Brice is not an attorney-at-law. Brice is a professional corporation.  The professional corporation is an entity distinct from its constituent shareholders.  A professional corporation is not even capable of being licensed as an attorney. Brice is not and cannot be an attorney-at-law and had no ability to represent any client in such capacity.

82.     Although there is a qualified immunity for attorneys in litigation, the conduct complained of relates to Brice's actions outside of litigation.  Brice's actions in presenting, making, and using the documents complained of were not those of an attorney representing a client in litigation.  Brice's actions were not pursuant to nor performed in the course of any underlying litigation between Farkas and any defendant.

28

83. Over 100 years ago, the Supreme Court of Texas held that where a lawyer acting for his client participates in fraudulent activities, his action in so doing is "foreign to the duties of an attorney." *Poole v. Houston & T.C. Ry*, 58 Tex. 134, 137 (1882). The Court held that a lawyer could not shield himself from liability on the ground that he was an agent, because no one is justified on that ground in knowingly committing a willful and premeditated fraud for another. *Id.* at 137-38. *See* also *McCamish v. F. E. Appling Interests,* 991 S.W.2d 787 (Tex. 1999)*,* a lawyer's protection from liability arising out of his representation of a client is not without limits. *See McCamish* at 793-94.

84. Attorneys are certainly liable for their own torts regardless of who is employing them. Farkas has asserted statutory causes of action against Brice for violations of TEX. FIN. CODE §392.001 and TEX. CIV. PRAC. & REM. CODE §12.002. There is no "safe harbor" for attorneys, their employers, or the corporations which violate these statutes on the basis that they are "representing someone else". Brice is not immune from liability under TEX. FIN. CODE §392.001, *et seq.*.

**E.   ISSUE 4: Whether the trial court erred in granting Wells_Bank's and Brice's traditional and no-evidence motions for summary judgment on Farkas' TEX. CIV. PRAC. & REM. CODE §12.002 cause of action.**

      1.    **Wells_Bank's and Brice's traditional motions for summary judgment concerning TEX. CIV. PRAC. & REM. CODE §12.002 cause of action.**

85.     Wells_Bank and Brice fail to disprove a single element of Farkas' claim. Wells_Bank and Brice cannot shirk their obligation by asserting that "Plaintiff cannot prove" an element – it is their obligation to disprove an element.

86.     Farkas has never alleged that the various notices "created a fraudulent lien". TEX. CIV. PRAC. & REM. CODE §12.002 provides a cause of action for documents that assert a fraudulent claim against or interest in real or personal property in addition to fraudulent liens.

87.     Although Wells_Bank has apparently attempted to assert lack of recordation as disproving an element of the cause of action, the statute does not require recordation of a document but rather merely making, presenting, or using the document.  (see, e.g., TEX. CIV. PRAC. & REM. CODE §12.002)

88.     Wells_Bank has also interpreted the element of asserting a claim in or again real or personal property such that "notices" would be excluded.  However, notices are not excluded and indeed the primary purpose of filing documents with the county clerk, for example, is to "provide notice".   Even a *lis pendens* is actionable under TEX. CIV. PRAC. & REM. CODE §12.002.  See, *Brown v. Martin*, 2011 Tex. App. LEXIS 6087 (Tex. App. Corpus Christi, Aug. 4, 2011).

## 2. Wells_Bank's and Brice's no-evidence motion for summary judgment concerning TEX. CIV. PRAC. & REM. CODE §12.002 cause of action must fail as a matter of law.

89.    Wells_Bank has stated: "To prevail on a fraudulent lien claim under Texas Civil Practice and Remedies Code Chapter 12, Plaintiff [Farkas] must establish that Defendant made, presented, or used a document with knowledge that it is a fraudulent lien or claim against real or personal property or against an interest in real or personal property, and with intent that it be given the same legal effect as a valid lien or claim and intent to cause another person injury."

90.    The rule does not authorize conclusory motions or general no-evidence challenges to an opponent's case.  When a no-evidence motion for summary judgment does not challenge specific elements, it must be treated as a traditional motion for summary judgment under Tex. R. Civ. P. 166a(c).  Failure to specify the element at issue switches the burden of proof from the nonmovant to the movant and Wells_Bank and Brice have not disproved any element of the causes of action asserted.

## 3. Brice not entitled to "attorney immunity" as an affirmative defense

91.    For the same reasons set forth above with respect to arguments pertaining to violations of TEX. FIN. CODE §392.001, Brice is not entitled to attorney immunity as an affirmative defense for violations of TEX. CIV. PRAC. & REM. CODE §12.002.

**E.  ISSUE 5:  Whether the trial court erred in denying Farkas' traditional motion for partial summary judgment on Farkas' Texas Debt Collection Practices Act (Tex. FIN. CODE §392.001, *et seq.*) , TEX. CIV. PRAC. & REM. CODE §12.002, TEX. CONST. Art. XVI, §50(a)(6)**

### 1.    Background concerning Deed of Trust and Notice requirements

#### a.    *Ineffective notices due to lack of compliance with the Deed of Trust*

92.    The Deed of Trust ("DOT") provides in relevant part:

…If a default occurs (other than under Section 16 or under subsection (4) of this Section 21, unless Applicable Law provides otherwise), **Lender will give Borrower notice specifying: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured;** and (d) that failure to cure the default on or before the date specified in the notice will result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law…

93.    The DOT provides "Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means."  (emphasis added) [CR 329 at ¶13].

94.    The DOT defines the "Lender" to be Wells Fargo Bank, N.A. and "includes any holder of the Debt Instrument who is entitled to receive payments under the Debt Instrument". [CR 329 at page 1].

32

95.     Notice that the debt has been accelerated is ineffective unless preceded by proper notice of intent to accelerate. *Ogden v. Gibraltar Sav. Assoc.*, 640 S.W.2d 232, 234 (Tex. 1982)(citing *Allen Sales & Servicenter, Inc. v. Ryan*, 525 S.W.2d 863 (Tex. 1975)).

### b. Brice's April 21st, 2011 letter is not a Notice to borrower in connection with the DOT at issue

96.     The Notice of Default and Intention to Accelerate dated April 21, 2014 *expressly referred to a loan other than the loan at issue*.[3] [CR 198]

97.     The DOT identifies the loan with Account #: 650-650-4349999-1XXX, Reference #: 20063367500009, County Recorder Ref: 2007015512 [CR 329 at page 1]. None of those are listed on Brice's April 21 letter sent to Farkas. Instead it states that Brice is representing "Wells Fargo Home Equity… concerning the Note and Deed of Trust which are associated with the above referenced loan number". The number set forth is 0999617061. [CR 198]

98.     Farkas specifically requested Defendant's agent's counsel to verify the loan and amount. Brice's response specifically identifies a "Loan No. 0999617061" (i.e., not as a matter number for the firm but a loan number for Farkas). Moreover, the response further includes a *different* numeric identifier for the firm's reference, i.e., "Our File No. 9508-0790" [CR 202]

---

[3] Plaintiff has two loans involving Wells Fargo on the subject property concerning. The loan at issue is in second lien position. The loan number referenced by Brice did not match either loan involving Wells Fargo.

33

99.    Furthermore, the Notice of Default and Intention to Accelerate could not be connected with the Security Instrument at issue, because it stated, "Our firm has been requested to pursue non-judicial foreclosure processing in accordance with the terms of the Note and Deed of Trust and applicable law." [CR 198] (*emphasis added*).  However, as provided by the Deed of Trust and the Texas Constitution an HEEC can only be foreclosed pursuant to a court order.

   c.    ***Brice's April 21st, 2011 letter did not define a date not less than 30 days from the date the notice is given to Borrower, by which the default must be cured as was required by the DOT***

100.    The Notice of Default and Intent to Accelerate is dated April 21, 2011 and demands payment "within 30 days of the date of this notice" to avoid acceleration. As indicated above, the Deed of Trust requires such notice provide for a date <u>not less than </u>30 days from the <u>date notice is given</u>. [CR 329 at ¶20].  The timeframe provided was not compliant with the strict provisions of the Deed of Trust. As noted above, if the Notice of Default and Intent to Accelerate was defective then the Notice of Acceleration was likewise ineffective.

   d.    ***Brice's April 21st, 2011 letter was not on behalf of the Lender as required by the DOT***

101.    The Notice of Default and Intention to Accelerate purported to be from (or on behalf of) Wells Fargo Home Equity, <u>not</u> Wells Fargo Bank, N.A. [CR 198]

### e. Brice's July 23rd, 2011 letter is not a Notice to borrower in connection with the DOT at issue

102. The Notice of Acceleration likewise referred to a loan other than the HEEC. The notice specifically indicates that the letter is "Re: Loan No. 0999617061". The text of the letter further states "You are hereby provided the following notice *with respect to the above-referenced loan*." (emphasis added) [CR 210-211]

103. The notice of acceleration was deficient both because it referred to the wrong loan and because it wasn't preceded by at least 30 days by a valid notice of default including notice of intent to accelerate.

### 2. Violation of Texas Debt Collection Act (TEX. FIN. CODE §392.001, *et seq.*)

104. Farkas is an individual and the debt at issue is a consumer debt related to personal, family, or household purposes because it is primarily for personal, family, or household purposes and arises from a transaction (HEEC). Thus plaintiff is a consumer. TEX. FIN. CODE §392.001.

105. Brice is a debt collector and claims to be acting variously on behalf of Wells Home Equity (e.g., [CR 198]) or Wells_Bank (e.g., [CR 210, 213]). Wells_Bank is responsible for the actions of its agent.

106. Wells_Bank and Brice are directly or indirectly engaged in the practice of debt collection and qualify as debt collectors. TEX. FIN. CODE §392.001.

107. Farkas has experienced financial loss and mental anguish as a result of the conduct of Wells_Bank and Brice. *See*, *e.g.*, Declaration of Janos Farkas, [CR 194-196, item 13].

### a. Defendants violated TEX. FIN. CODE §392.301(a)(7) by threatening to seize or sell plaintiff's homestead without proper court proceedings

108. Brice's April 21, 2011 letter threatened a *non-judicial foreclosure sale* of the property. [CR 198]. Brice's May 24, 2011 letter identified the case as being one of "*non-judicial foreclosure*". [CR 202]. However, the subject loan can be foreclosed only pursuant to a court order in accordance with TEX. CONST. Art. XVI, §50(a)(6)(D).

### b. Defendants violated TEX. FIN. CODE §392.301(a)(8) by threatening to take an action prohibited by law

109. Brice's April 21, 2011 and May 24, 2011 letters threatened a non-judicial foreclosure sale of the property. [CR 198, 202]. The subject loan can be foreclosed only pursuant to a court order in accordance with TEX. CONST. Art. XVI, §50(a)(6)(D). Brice is an agent of Wells_Bank.

110. The Notice of Default and Intent to Accelerate is dated April 21, 2011 and demands payment "within 30 days of the date of this notice" to avoid acceleration. [CR 198]. As indicated above, the Deed of Trust requires such notice provide for a date not less than 30 days from the date notice is given. [CR 329 at ¶20]. The timeframe provided was not compliant with the strict provisions of the Deed of

Trust. This document threatened action prohibited by law (acceleration not in accordance with the terms of the Deed of Trust) is likewise a violation of TEX. FIN. CODE §392.301(a)(8).

### c. Defendants violated TEX. FIN. CODE §392.304(a)(1)

111. TEX. FIN. CODE §392.304(a)(1)(A) prohibits a debt collector from using certain fraudulent, deceptive, or misleading representations including the practice of using a name other than the true business or professional name or the true personal or legal name of the debt collector while engaged in debt collection. In this case Defendants used the name "Wells Fargo Home Equity" ambiguously and failed to disclose clearly the entity to whom the debt was owed. See, e.g., [CR 198, 202, 210, 213].

### d. Defendants violated TEX. FIN. CODE §392.304(a)(4)

112. TEX. FIN. CODE §392.304(a)(4) prohibits a debt collector from using certain fraudulent, deceptive, or misleading representations including the practice of failing to disclose clearly in any communication with the debtor the name of the person to whom the debt has been assigned or is owed when making a demand for money. In this case Defendants used the name "Wells Fargo Home Equity"

ambiguously[4] and failed to disclose clearly the entity to whom the debt was owed.

For example, Brice claimed:

> "We represent Wells Fargo Home Equity, whose address is 3476 Stateview Blvd, Fort Mill, SC 29715 which, if it is not the Current Mortgagee, is acting as the Mortgage Servicer and representing the Current Mortgagee pursuant to a Mortgage Servicing Agreement."

*See, e.g.*, [CR 198, 202, 210, 213].

The exception to liability provided by TEX. FIN. CODE §392.304(b) is inapplicable in this case. The HEEC is not a real property first lien mortgage loan. Declaration of Janos Farkas, [CR 194-196, item 14].

### e. Defendants violated TEX. FIN. CODE §392.304(a)(8) by misrepresenting the character, extent, or amount of a consumer debt.

113. Wells_Bank misrepresented the character, extent, or amount of the consumer debt in i) the 736 Proceeding and ii) the purported notice of default and intent to accelerate in violation of TEX. FIN. CODE §392.304(a)(8). See, e.g., [CR 213]. The intent to accelerate stated, "*as of March 22, 2011, the amount required to cure the default is $2,013.30*". However, the correspondence of Brice dated May 24, 2011 identified *"Default Cure Amount $19,604.23*. [CR 202]. Yet the 736 application stated that the principal and interest payment in default is $4,002.64. The application did not expressly state the amount to cure the default, however, $4,002.64 would appear to be sufficient to cure the default although this amount is not consistent the amount of *$19,604.23* showed by Brice.

---

[4] Defendants' actions are arguably actionable pursuant to TEX. FIN. CODE §392.304(a)(14) and §392.304(a)(18) due to the subterfuge with the use of "Wells Fargo Home Equity".

114.   Even in this proceeding, Wells_Bank has provided evidence supporting Farkas' claim of misrepresentation of the character, extent, or amount of the debt. For example, Defendant Wells_Bank submitted summary judgment evidence proffered for the proposition that tax payment was made December 15, 2010 in the amount of $14,623.53.  Def WF's Amd. MSJ, Ex. 4, 4-B [CR 171].  According to other summary judgment evidence filed by Defendant, Farkas is alleged to not have made any payments since August 2010. Def WF's Amd. MSJ, Ex. 1, ¶9 [CR 45].  Defendants fails to explain how the amount required to cure the specified default would be $2,013.30 (on March 22, 2011) and $4,002.30 (on July 25, 2011) - about three and seven months after the alleged tax payment of $14,623.53 on December 15, 2010, yet Defendants made all of these widely varying and inconsistent claims as to the amounts owed on the dates indicated.

### f.   Defendants violated TEX. FIN. CODE §392.304(a)(19)

115.   TEX. FIN. CODE §392.304(a)(19) prohibits a debt collector from using certain fraudulent, deceptive, or misleading representations including the practice of using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer.

116.   In this case, Defendants used the deceptive means of representing that they had the authority to non-judicially foreclose, and inherently represented that Farkas had authorized such action through the DOT. [CR 198, 202]

### g. *Remedies sought in the motion for partial summary judgment for TDCA violations*

117. In accordance with TEX. FIN. CODE §392.403(a) and TEX. FIN. CODE §392.403(b), Appellant seeks:

> i) injunctive relief prohibiting Wells_Bank and Brice from engaging in conduct in violation of TEX. FIN. CODE §392.301(a)(7), §392.301(a)(8), §392.304(a)(1), §392.304(a)(4), §392.304(a)(8), and §392.304(a)(19);
>
> ii) actual damages; and
>
> iii) attorney fees.

The determination of the amount of actual damages and attorney fees are not the subject of this motion.

### 3. Violation of TEX. CIV. PRAC. & REM. CODE §12.002(a)

118. The statute provides as follows:

> Sec. 12.002. LIABILITY. (a) A person may not make, present, or use a document or other record with:
>
> (1) knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property;
>
> (2) intent that the document or other record be given the same legal effect as a court record or document of a court created by or established under the constitution or laws of this state or the United States or another entity listed in Section 37.01, Penal Code, evidencing a valid lien or claim against real or personal property or an interest in real or personal property; and
>
> (3) intent to cause another person to suffer:
>> (A) physical injury;
>> (B) financial injury; or
>> (C) mental anguish or emotional distress

119.   The elements of the fraudulent document claim pursuant to TEX. CIV. PRAC. REM. CODE § 12.002(a) are: (a) knowledge that the document is a fraudulent claim; (b) the intention that the purported claim against a personal or real property given the same legal effect as a valid claim; and (c) the intent to cause financial injury[5].

120.   Agent attorneys of Defendant Brice filed an Application for Court Order Allowing Foreclosure ("736_Application").  The 736_Application identified Defendant Wells_Bank as the applicant/petitioner and was assigned Cause No. D-1-GN-11-02863 in the District Court of Travis County, 98th Judicial District. [CR 213]  The 736_Application asserted a claim in or against real or personal property including a claim in or against Farkas' real property.

121.   Defendant Wells_Bank alleged in the court filing:

> 2. Applicant is the current holder or transferee with rights of the holder of the Note described in the Deed of Trust and JANOS FARKAS (hereinafter "Respondent and/or Borrower "), according to the records of Applicant, is a borrower as defined by the Note and Deed of Trust secured by the property.
>
> 3. Applicant alleges that:
>
> a. A debt exists;
>
> b. The debt is secured by a lien created under Tex. Const. Art. XVI, Section 50 (a) (6) (D) that encumbers the property;
>
> c. Default exists under the security instrument; and

---

[5] *Gordon v. West Houston Trees, Ltd.*, 2011 Tex. App. LEXIS 3204 (Tex. App.-Houston [1st Dist.] 2011); *Walker & Associates Surveying, Inc. v. Roberts,* 306 S.W.3d 839, 848 (Tex. App.-Texarkana 2010)

d. Requisite notices to cure the default and accelerate the debt under the security instrument, Tex. Prop. Code 51.002, and applicable law have been given.

[CR 213 at 1-2].

122. The filing of the 736 Application inherently asserts a claim against Farkas' real property. In particular, the application/petitioner and its agents are representing to a court that the applicant has a right to enforce the Deed of Trust ([CR 329]) on behalf of itself or a principal. See, e.g., [CR 213 at 2] which states in relevant part:

> WHEREFORE, Applicant seeks, on behalf of itself, its successors and assigns, a court order required by Tex. Const. Art. XVI, Section 50(a)(6)(D) to sell the property pursuant to the terms of the security instrument and Tex. Prop. Code Section 51.002.

123. Wells_Bank has given ineffective notices due to the non-compliance with the DOT. [CR 198, 208] Defendant relied on these in its 736_Application and fraudulently stated requisite notices have been given.

### a. *Knowledge derived from being a professional in the area of mortgage lending and servicing is sufficient to prove the first element of a TEX. CIV. PRAC. & REM. CODE §12.002 cause of action.*

124. As one of the largest home loan originators, servicers, and foreclosing entities in the United States, Wells_Bank knows that strict compliance with the terms of the Deed of Trust is required to divest an owner of property via the foreclosure process. Wells_Bank is a chartered, regulated, national bank. Wells_Bank knew that it had not sent the notices as required under the Deed of

42

Trust and that it had not complied with the conditions precedent to filing a 736_Application. Nonetheless it filed a 736_Application and made such claims in the 736_Application. Anticipated knowledge derived from being a professional in the respective subject area is sufficient ground to prove knowledge, the first element of a fraudulent document claim.[6]

### b. Defendants intended that the allegations in its 736_Application be given the same legal effect as a valid claim

125. As noted above, Wells_Bank specifically alleged: "Requisite notices to cure the default and accelerate the debt under the security instrument, Tex. Prop. Code 51.002, and applicable law have been given." Wells_Bank intended that its claim against Farkas' property be given the same legal effect as a valid claim. Indeed, based upon its claim Wells_Bank specifically requested that the court:

> WHEREFORE, Applicant seeks, on behalf of itself, its successors and assigns, a court order required by Tex. Const. Art. XVI, Section 50(a)(6)(D) to sell the property pursuant to the terms of the security instrument and Tex. Prop. Code Section 51.002.

126. Thus Wells_Bank intended that the allegations in its 736_Application be given the same legal effect as a valid claim.

---

[6] *Aland v. Martin*, 271 S.W.3d 424, 430 (Tex. App. – Dallas 2008) – "a Board Certified family lawyer and knew, or should have known, that a valid lien cannot be placed against community property without the consent in writing of both parties."

43

### c. *Defendants intended to cause harm to Farkas*

127. Texas courts have interpreted the third element of "intent" to only require that the person filing the fraudulent document be aware of the harmful effect that filing such a document could have on a landowner. *Taylor Elec. Services, Inc. v. Armstrong Elec. Supply Co.*, 167 S.W.3d 522, 531-32 (Tex.App.-Ft. Worth 2005, no pet.), *Kingman Holdings, LLC v. CitiMortgage, Inc.*, 2011 U.S. Dist. LEXIS 52805 (E.D. Tex.-Sherman 2011).

128. Defendant Wells_Bank engaged a foreclosure mill for the purpose of divesting Farkas of title and possession to his homestead Property. Wells_Bank took intentional, calculated steps in pursuit of that objective.

129. Wells_Bank is aware of the harmful effects a foreclosure will cause on Farkas. The purpose of filing the 736_Application was to obtain an expedited order permitting foreclosure of Farkas' property. Wells_Bank was aware of the market value of the property ($252,000, **[**CR 213 at 42]) and the loan balance at inception ($121,723.31, [CR 208 at 5]) and that a foreclosure would divest Farkas of all his equity in the property. Wells_Bank was also aware that foreclosure would divest Farkas of title and possession to his homestead property. The third intent element is met because Wells_Bank knew the harmful effect filing such a claim would have on Farkas.

#### d. *Other violative documents*

130. Brice prepared at least two documents indicating that Farkas' property would be sold or was subject to non-judicial foreclosure. Brice's April 21, 2011 letter threatened a *non-judicial foreclosure sale* of the property. [CR 198]. Brice's May 24, 2011 letter identified the case as being one of "*non-judicial foreclosure*". [CR 202]. However, the subject loan can be foreclosed only pursuant to a court order in accordance with Tex. Const. Art. XVI, §50(a)(6)(D). The documents prepared by Brice on behalf of Wells_Bank or Wells Fargo Home Equity claim an interest in Farkas' property that neither Wells_Bank nor Wells Fargo Home Equity nor their agents have, namely a power to sell Farkas' property via a non-judicial foreclosure sale.

131. Defendants knew that neither Wells_Bank nor Wells Fargo Home Equity had any such interest in Farkas' property. Defendants also knew that neither the trustee nor substitute trustee to be appointed would have the authority to exercise a power of sale without a court order. Nonetheless, Brice sent letters to Farkas indicating that Farkas' loan and property were subject to non-judicial foreclosure, i.e., that a substitute trustee would have a right to sell Farkas' property at a foreclosure auction without court order. The same documents misrepresented the identity of the entity to whom debt was owed. [CR 198, 202] Defendants made such representations in order to collect monies from Farkas.

### e. *Remedies*

132. Farkas submits that Wells_Bank and Brice made, presented, or used at least three documents communicated to Farkas with:

(1) knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property (namely a claim against or interest in Plaintiff's Property or personal property relating to Plaintiff's Property);

(2) intent that the document or other record be given the same legal effect as a court record or document of a court created by or established under the constitution or laws of this state or the United States or another entity listed in Section 37.01, Penal Code, evidencing a valid lien or claim against real or personal property or an interest in real or personal property; and

(3) intent to cause Farkas to suffer:

    (A) physical injury;
    (B) financial injury; or
    (C) mental anguish or emotional distress

and that Defendants are liable to Farkas under TEX. CIV. PRAC & REM CODE §12.002(b) for each such document made, used, or presented. Such documents are collectively referred to as "violative documents" or "documents violative of TEX. CIV. PRAC. & REM. CODE §12.002(b)".

133. Accordingly, as provided under TEX. CIV. PRAC. & REM CODE §12.002(b) , Farkas seeks for each such violative document:

1) the greater of:
    (A) $10,000; or
    (B) the actual damages caused by the violation;
2) court costs;
3) reasonable attorney's fees; and
4) exemplary damages in an amount determined by the court.

134. The amount of actual damages, court costs, reasonable attorney's fees, and exemplary damages is not the subject of this motion for partial summary judgment.

### E. Violation of Tex. Const. Art. XVI Sec 50(a)(6)(Q)(x)

135. Wells_Bank failed to fulfill its obligations under the terms of the extension of credit for the HEEC loan which includes the provisions of the DOT. In particular, Wells_Bank failed to provide a notice of default for the HEEC. The correspondence titled "Notice of Default and Intention to Accelerate" dated April 21, 2011 expressly identified that notice as being associated with a loan *other* than the HEEC loan and thus by its own terms did not qualify as the requisite notice. In addition, such notice was from Wells Fargo Home Equity rather than from Wells_Bank. [CR 198]

136. The "Notice of Acceleration" dated July 23, 2011 was a breach of the terms of the extension of credit to the extent it is interpreted to apply to Farkas' HEEC loan. Farkas was not provided with a notice of default applicable to the HEEC loan at least 30 days prior to the Notice of Acceleration. [CR 210]

137. Wells_Bank failed to fulfill its obligations under the terms of the extension of credit when its agents filed a 736 application in pursuit of an order of foreclosure without having provided Farkas with the requisite notice of default and without proper acceleration. [CR 213].

138. Farkas placed Wells_Bank on notice of its failures to fulfill the terms of the extension of credit in accordance with TEX. CONST. Art. XVI, §50(a)(6)(Q)(x). [CR 274]

139. Although Wells_Bank had ample opportunity to cure pursuant to one of the cure provisions set forth at TEX. CONST. Art. XVI §50(a)(6)(Q)(x) a)-f), Wells_Bank instead chose not to cure. More than 60 days has elapsed since Wells_Bank was put on notice of the failure to fulfill the terms of the extension of credit.

140. Pursuant to the DOT and Tex. Const. Art. XVI §50(a)(6)(Q)(x), Farkas seeks:

> 1) a declaration that Wells_Bank failed to fulfill its obligations under the terms of the extension of credit;
> 2) a declaration that Wells_Bank was properly notified of its failure to fulfill the terms of the extension of credit;
> 3) a declaration that Wells_Bank failed to cure its failure to fulfill the terms of the extension of credit within 60 days;
> 4) a declaration that Wells_Bank forfeited all principal and interest under the terms of the extension of credit;
> 5) return of the forfeited principal and interest to Farkas; and
> 6) reasonable attorney fees pursuant to TEX. CIV. PRAC. & REM. CODE §38.001.

The amount of forfeited principal and interest and amount of reasonable attorney fees is not the subject of this motion for partial summary judgment.

**PRAYER**

Farkas prays that this Court issue relief by:

i) reversing the trial court's Order which overruled Farkas' objections to the summary judgment evidence of Wells_Bank;

ii) reversing the trial court's Order granting Wells_Bank's traditional and no-evidence motion for summary judgment;

iii) reversing the trial court's Order granting Brice's traditional and no-evidence motion for summary judgment;

iv) reversing the trial court's Order denying Farkas' traditional motion for partial summary judgment;

v) remanding this case to the trial court for further proceedings as necessary; and

vi) any and all such other and further relief as Farkas may be justly entitled.

Respectfully submitted,
DAVIS & ASSOCIATES

William D. Davis
Bar No. 00796444
P.O. Box 1093
Dripping Springs, TX  78620
(512) 858-9910 (TEL)
(512) 858-2357 (FAX)
bdavis@capital-ip.com
ATTORNEY FOR APPELLANT
JANOS FARKAS

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief (inclusive of footnotes; exclusive of cover page(s), table of contents, table of authorities, identification of parties, index to appendices, certifications, verifications, and appendix) contains 11,635 words as determined by Microsoft® Word 2008 for Mac v. 12.3.5.

/s/ William D. Davis
William D. Davis

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served in accordance with Tex. R. App. P. 9.5 and Local Rule 4 in the manner indicated below on March 19, 2015 as follows:

*Attorneys for Appellee Wells Fargo Bank, N.A.*

B. David Foster (via e-serve and e-mail to dfoster@lockelord.com)
Susan A. Kidwell (via e-serve and e-mail to skidwell@lockelord.com)
LOCKE LORD, LLP
600 Congress Ave., Suite 2200
Austin, Texas 78701
(512) 305-4700 (TEL)
(512) 305-4800 (FAX)

*Attorneys for Appellee Brice Vander Linden & Wernick, P.C. (n/k/a Buckley Madole, P.C.)*

Luke Madole (via e-serve and e-mail to luke.madole@buckleymadole.com)
Sammy Hooda (via e-serve and e-mail to sammy.hooda@buckleymadole.com)
BUCKLEY MADOLE, P.C.
14841 Dallas Parkway, Suite 425
Dallas, TX 75254
(972) 643-6600 (TEL)
(972) 643-6698 (FAX)

/s/ William D. Davis
William D. Davis

**APPENDIX**

# EXHIBIT A

**Final Order and Judgment of Trial Court dated October 13, 2014**

Filed in the District Court
of Travis County, Texas

OCT 13 2014 RT

At _____ 12:00 P M.

Amalia Rodriguez-Mendoza, Clerk

CAUSE NO. D-1-GN-11-003692

| | | |
|---|---|---|
| JANOS FARKAS,<br>    *Plaintiff,* | § <br> § <br> § | IN THE DISTRICT COURT OF |
| v. | § <br> § <br> § | |
| WELLS FARGO BANK, N.A. AND BRICE,<br>VANDER LINDEN & WERNICK, P.C.,<br>n/k/a BUCKLEY MADOLE, P.C.<br>    *Defendants.* | § <br> § <br> § <br> § | TRAVIS COUNTY, TEXAS<br><br>201ST JUDICIAL DISTRICT |

## FINAL ORDER AND JUDGMENT

On this day, the Court considered the First Amended Traditional and No-Evidence Motion for Summary Judgment and Motion to Sever ("Wells Fargo's Motion") filed by Defendant Wells Fargo Bank, N.A.; the Motion for Partial Summary Judgment ("Plaintiff's Motion") filed by Plaintiff Janos Farkas; Plaintiff's Objections and Motion to Strike and Exclude the Summary Judgment Evidence of Defendant Wells Fargo Bank, N.A. (the ("Objections"); and Defendant Brice, Vander Linden & Wernick, P.C.'s Traditional and No-Evidence Motion for Summary Judgment ("Brice's Motion").

After careful consideration of Wells Fargo's Motion, Plaintiff's Motion, the Objections, and Brice's Motion, any timely responses thereto, the competent evidence, all pleadings properly before the Court, the arguments of counsel, and all other matters properly before the Court, the Court rules as follows:

Wells Fargo's First Amended Traditional and No-Evidence Motion for Summary Judgment is GRANTED and Plaintiff Janos Farkas shall take nothing by his claims against Defendant Wells Fargo Bank, N.A.

Plaintiff's Motion for Partial Summary Judgment is hereby DENIED.

Plaintiff's Objections are hereby OVERRULED and Plaintiff's motion to strike and exclude Defendant Wells Fargo Bank, N.A.'s summary judgment evidence is hereby DENIED.

**ORDER**

AUS:0567447/00358:551442v3

Defendant Brice, Vander Linden & Wernick, P.C.'s Traditional and No-Evidence Motion for Summary Judgment is GRANTED and Plaintiff Janos Farkas shall take nothing by his claims against Defendant Brice, Vander Linden & Wernick, P.C.

Defendant Wells Fargo Bank, N.A.'s Motion to Sever is DENIED as moot.

This judgment finally disposes of all claims by Plaintiff and is appealable.

SIGNED this the 13th day of October, 2014.

_____
THE HONORABLE LORA J. LIVINGSTON
TRAVIS COUNTY DISTRICT JUDGE

AGREED AS TO FORM:

William D. Davis
DAVIS & ASSOCIATES
P.O. Box 1093
Dripping Springs, Texas 78620
*Attorneys for Plaintiff*

Sammy Hooda
Michael Burns
BUCKLEY MADOLE, P.C.
9441 LBJ Freeway, Suite 250
Dallas, Texas 75243
*Attorneys for Brice, Vander Linden & Wernick,*
*P.C. n/k/a Buckley Madole, P.C.*

B. David L. Foster
John W. Ellis
LOCKE LORD LLP
600 Congress Ave., Suite 2200
Austin, Texas 78701
*Attorneys for Wells Fargo Bank, N.A.*

**ORDER**

AUS:0567447/00358:551442v3

Defendant Brice, Vander Linden & Wernick, P.C.'s Traditional and No-Evidence Motion for Summary Judgment is GRANTED and Plaintiff Janos Farkas shall take nothing by his claims against Defendant Brice, Vander Linden & Wernick, P.C.

Defendant Wells Fargo Bank, N.A.'s Motion to Sever is DENIED as moot.

This judgment finally disposes of all claims by Plaintiff and is appealable.

SIGNED this the _____ day of October, 2014.

                —————————————————————
                THE HONORABLE LORA J. LIVINGSTON
                TRAVIS COUNTY DISTRICT JUDGE

AGREED AS TO FORM:

| | |
|---|---|
| ————————————————— | ————————————————— |
| William D. Davis | Sammy Hooda |
| DAVIS & ASSOCIATES | Michael Burns |
| P.O. Box 1093 | BUCKLEY MADOLE, P.C. |
| Dripping Springs, Texas 78620 | 9441 LBJ Freeway, Suite 250 |
| *Attorneys for Plaintiff* | Dallas, Texas 75243 |
| | *Attorneys for Brice, Vander Linden & Wernick,* |
| | *P.C. n/k/a Buckley Madole, P.C.* |

—————————————————————
B. David L. Foster
John W. Ellis
LOCKE LORD LLP
600 Congress Ave., Suite 2200
Austin, Texas 78701
*Attorneys for Wells Fargo Bank, N.A.*

**ORDER**

AUS:0567447/00358:551442v3

Defendant Brice, Vander Linden & Wernick, P.C.'s Traditional and No-Evidence Motion for Summary Judgment is GRANTED and Plaintiff Janos Farkas shall take nothing by his claims against Defendant Brice, Vander Linden & Wernick, P.C.

Defendant Wells Fargo Bank, N.A.'s Motion to Sever is DENIED as moot.

This judgment finally disposes of all claims by Plaintiff and is appealable.

SIGNED this the _____ day of October, 2014.

_____
THE HONORABLE LORA J. LIVINGSTON
TRAVIS COUNTY DISTRICT JUDGE

AGREED AS TO FORM:

_____
William D. Davis
DAVIS & ASSOCIATES
P.O. Box 1093
Dripping Springs, Texas 78620
*Attorneys for Plaintiff*

_____
Sammy Hooda
Michael Burns
BUCKLEY MADOLE, P.C.
9441 LBJ Freeway, Suite 250
Dallas, Texas 75243
*Attorneys for Brice, Vander Linden & Wernick,*
*P.C. n/k/a Buckley Madole, P.C.*

_____
B. David L. Foster
John W. Ellis
LOCKE LORD LLP
600 Congress Ave., Suite 2200
Austin, Texas 78701
*Attorneys for Wells Fargo Bank, N.A.*

**ORDER**

PAGE 2 OF 2

# EXHIBIT B

**Notice of Appeal Filed November 10, 2014**

CAUSE NO. D-1-GN-11-003692

| | | |
|---|---|---|
| **JANOS FARKAS** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff* | § | |
| | § | **OF TRAVIS COUNTY** |
| **v.** | § | |
| | § | |
| **WELLS FARGO BANK, N.A., and** | § | **201ˢᵗ JUDICIAL DISTRICT** |
| **BRICE VANDER LINDEN &** | § | |
| **WERNICK, P.C. n/k/a BUCKLEY** | § | |
| **MADOLE, P.C.** | § | |
| | § | |
| *Defendants* | § | |

### PLAINTIFF JANOS FARKAS' NOTICE OF APPEAL

1. On September 14, 2011, Brice Vander Linden & Wernick, P.C. filed an application on behalf of Wells Fargo Bank, N.A. seeking an order permitting foreclosure sale of Janos Farkas' homestead pursuant to Tex. R. Civ. P. 736. The application was assigned Cause No. D-1-GN-11-002863.

2. Pursuant to the version of Tex. R. Civ. P. 736.11 then in effect, Janos Farkas filed his original petition in this case (Cause No. 3-1-GN-11-003692) which constituted a separate, original proceeding in a court of competent jurisdiction that put in issue matters related to the origination, servicing, or enforcement of the loan agreement, contract, or lien sought to be foreclosed.

3. In the present case, Wells Fargo Bank, N.A. and Brice Vander Linden & Wernick (n/k/a Buckley Madole, P.C.) (collectively "Defendants") filed motions for summary judgment. Wells Fargo Bank, N.A. also sought to sever causes of action in the case. Janos Farkas ("Plaintiff") filed a motion for partial summary judgment.

4. On September 17, 2014, the trial court held a hearing on the parties' respective motions for summary judgment and motion for partial summary judgment.

5. On October 13, 2014, the trial court issued a final order and judgment denying Plaintiff's Motion for Partial Summary Judgment and

granting each Motion for Summary Judgment filed by the Defendants. The court also dismissed Wells Fargo Bank, N.A.'s motion to sever as moot. Accordingly, the judgment became final and appealable on October 13, 2014.

6.     Plaintiff desires to appeal the trial court's October 13, 2014 Order in the above-identified case to the Third Court of Appeals. Plaintiff Janos Farkas files this Notice of Appeal.

Respectfully submitted,
DAVIS & ASSOCIATES

William D. Davis
Texas Bar No. 00796444
P.O. Box 1093
Dripping Springs, TX 78620
bdavis@capital-ip.com
(512) 858-9910 (TEL)
(512) 858-2357 (FAX)
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served in accordance with Rules 21 and 21a of the Texas Rules of Civil Procedure on November 10, 2014 on parties and counsel of record as follows:

*Attorneys for Defendant Wells Fargo Bank, N.A.*
*via e-serve*
B. David L. Foster
LOCKE LORD, LLP
600 Congress Ave., Suite 2200
Austin, Texas  78701


*Attorney for Defendant Buckley Madole, P.C. fka Brice Vander Linden & Wernick, P.C.*
*via e-serve*
Luke Madole
BUCKLEY MADOLE, P.C.
9441 LBJ Freeway, Suite 250
Dallas, Texas  75243


/s/ William D. Davis
William D. Davis